UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JACQUELYN RHOADES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-07-117-B-W |
| | ) | |
| CAMDEN NATIONAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING MAINE HUMAN RIGHTS COMMISSION PROCEEDINGS**

The Court affirms the magistrate judge's Order denying Plaintiff's motion for stay, since the Order is neither clearly erroneous nor contrary to law.

**I.     STATEMENT OF FACTS**

On August 9, 2007, Jacquelyn Rhoades filed a complaint against Camden National Bank, (Camden National) alleging that Camden National had fired her in violation of the Family Medical Leave Act (FMLA).  *Compl.* (Docket # 1).  On September 6, 2007, the Court issued a Scheduling Order, setting a number of deadlines, including a discovery deadline of February 7, 2008, a deadline for dispositive motions of February 28, 2008, and an expected trial date of June 3, 2008.  *Scheduling Order* at 2-3 (Docket # 8).

On December 20, 2007, Ms. Rhoades filed a motion to stay.  *Pl.'s Mot. for Stay Pending Maine Human Rights Comm'n Proceedings* (Docket # 10) (*Pl.'s Mot.*).  She explained that during December 11, 2007 depositions of Camden National employees, she learned of facts that supported a claim against Camden National under the Maine Whistleblowers' Protection Act (MWPA).  *Id.* at 2.  On the same day, she filed a Charge of Discrimination with the Maine

Human Rights Commission based on the newly-discovered facts. *Id.* at 4. Under Maine Human Rights Commission regulations, the Commission has 180 days to complete an investigation of the charge and, after that, Ms. Rhoades could "request and obtain a right to sue letter and in this way exhaust her administrative remedies." *Id.* Once she obtained a right to sue letter, she "will be in a position to file her MWPA case in court." *Id.* She represents that, "[g]iven the opportunity", she will amend her pending federal complaint to allege a MWPA claim. *Id.* at 5.

On January 10, 2008, Camden National objected to the stay. *Def.'s Objection to Pl.'s Mot. for Stay* (*Def.'s Ob.*) (Docket # 11). It argued that Ms. Rhoades had failed to meet the "good cause" standard for amending her pleadings and that motions to amend are "particularly disfavored if their timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Id.* at 3.

On January 23, 2008, the magistrate judge denied the motion to stay "on the showing made." *Order* (Docket # 13). Ms. Rhoades objected to the Order. *Pl.'s Objection to Magistrate Judge's Order Denying Pl.'s Mot. for Stay Pending Maine Human Rights Commission Proceedings* (Docket # 14) (*Pl.'s Ob.*).

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) empowers a magistrate judge to "hear and decide" non-dispositive pre-trial matters; to set aside a magistrate judge's order on such a matter, the Court must conclude that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### III. DISCUSSION

The magistrate judge's denial of Ms. Rhoades' motion to stay is neither clearly erroneous nor contrary to law. The Plaintiff's interim decision to raise an independent, though related charge before a state agency, under a different statute should not delay the disposition of her initial federal cause of action. Ms. Rhoades' estimates of the efficiency of disposition in the state agency proceeding are optimistic and if stayed, the prompt disposition of the federal case will be contingent upon the actions of the state agency. Further, if Ms. Rhoades were to proceed with a new cause of action in this Court under the MWPA, it is inevitable that a new Scheduling Order will issue, imposing new deadlines under this new theory of liability. Finally, Ms. Rhoades has failed to demonstrate any prejudice from proceeding with her original FMLA claim in federal court and with her later-filed MWPA claim before state agencies and, if necessary, in state court. By contrast, the discovery deadline in the FMLA case has now lapsed; the case stands ready for dispositive motion, and, if none is filed, for trial. The magistrate judge was fully within his discretion in determining that in these circumstances, Ms. Rhoades had failed to demonstrate sufficient grounds for issuance of a stay.

### IV. CONCLUSION

The Court affirms the magistrate judge's Order, denying the Plaintiff's motion for stay, over Plaintiff's Objection (Docket # 14).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2008