UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JACQUELYN RHOADES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-07-117-B-W |
| | ) | |
| CAMDEN NATIONAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On June 27, 2008, the United States Magistrate Judge filed with the Court his Recommended Decision on Defendant's Motion for Summary Judgment (Docket # 35) (Recommended Decision). The Plaintiff and the Defendant filed objections to the Recommended Decision on July 17, 2008, and responses on August 4, 2008. The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court addresses the parties' objections *seriatim*.

**I.     THE OBJECTIONS OF CAMDEN NATIONAL CORPORATION**

    **A.     Absence of Evidence of a Causal Nexus Between the Plaintiff's Invocation of her Family Medical Leave Act (FMLA) Rights and her Termination**

In its Objection, Camden National Corporation (the Bank) reiterates its argument that a temporal nexus is insufficient to sustain a *prima facie* FMLA retaliation case, and objects to the Magistrate Judge's conclusion that the Bank's argument is simply a "point [addressing] the weight of the evidence." *Def.'s Objection to the Mem. and Rec. Dec. of the Magistrate Judge* at 2 (alteration in original) (Docket # 36) (*Bank's Obj.*). Instead, the Bank states that "each of the

cases cited by the Bank highlights that Rhoades did not satisfy her causal nexus burden with evidence of temporal proximity alone."[1] *Id.*

The Court of Appeals for the First Circuit has held that for claims under the FMLA and Title VII alike,[2] "[a] showing of discharge soon after the employee engages in an activity specifically protected by [statute] is indirect proof of a causal connection between the firing and the activity because it is strongly suggestive of retaliation." *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 110 (1st Cir. 1988). However, the First Circuit later recognized that "chronological proximity does not by itself establish causality, particularly if 'the larger picture undercuts any claim of causation.'" *Wright v. CompUSA, Inc.*, 352 F.3d 472, 478 (1st Cir. 2003) (quoting *Soileau v. Guilford of Me., Inc.*, 105 F.3d 12, 16 (1st Cir. 1997)); *see Ramirez Rodriguez v. Boehringer Ingelheim Pharms., Inc.*, 425 F.3d 67, 85 (1st Cir. 2005); *Foss v. Circuit City Stores, Inc.*, 521 F. Supp. 2d 99, 112 (D. Me. 2007).

At the same time, in the retaliation claim context, "temporal proximity alone can suffice to 'meet the relatively light burden of establishing a *prima facie* case of retaliation.'" *DeCaire v. Mukasey*, 530 F.3d 1, 19 (1st Cir. 2008) (quoting *Mariani-Colon v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 224 (1st Cir. 2007)). Thus, finding that the Title VII plaintiff in *DeCaire* had made a *prima facie* retaliation case, the First Circuit observed that "[a]ll of the [relevant] events . . . took place within a period of about one year." *Id.* In *Mariani-Colon*, the First Circuit concluded that a temporal proximity between the June 2002 allegations of discrimination and an August 2002 termination was sufficient to meet the plaintiff's *prima facie* burden. *Mariani-Colon*, 511 F.3d at 224. In *Calero-Cerezo v. United States Department of*

---

[1] The Bank cross-references to the authorities cited in Defendant's Motion for Summary Judgment (Docket # 17) at 7-8.
[2] *See Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998) (FMLA and Title VII retaliation claims are subject to the same analysis).

*Justice*, 355 F.3d 6, 25-26 (1st Cir. 2004), the First Circuit found that there was a sufficient temporal proximity to make a *prima facie* case when there was an adverse employment action in March 1998, a formal complaint in May 1998, and a second adverse employment action in June 1998. These cases establish that the Bank is simply wrong in asserting that a close temporal proximity alone can never sustain a *prima facie* case in a retaliation claim. *See Philip v. Cronin*, No. 06-1860, 2008 U.S. App. LEXIS 16703, at *17 (1st Cir. Aug. 7, 2008).

Here, as presented by the Plaintiff, the temporal proximity of her protected activity and the Bank's adverse employment action is particularly compelling. Ms. Rhoades says that she applied for and received approval for additional FMLA leave on May 30, 2007; that she complained on May 31, 2007 to the Bank's Human Resources Department about its inappropriate use of her prior FMLA leave in her first trimester 2007 evaluation; and that she was terminated on June 11, 2007. *Pl.'s Opposing Statement of Material Facts* ¶¶ 11, 17 (Docket # 24); *Pl.'s Statement of Additional Material Facts* ¶¶ 98-99 (Docket # 24) (*PSAMF*). Under clear First Circuit precedent, this close temporal proximity can be sufficient to sustain the Plaintiff's *prima facie* burden in her retaliation claim.

The Bank's reliance on the "larger picture" language in *Wright* is misplaced. *See Bank's Obj.* at 2. *Wright* stands merely for the proposition that the "larger picture" may defeat a claim of causation, when causation is based solely on a temporal nexus. *See Wright*, 352 F.3d at 478. Even if temporal proximity alone were insufficient to make a *prima facie* case of retaliation, the "larger picture" contains evidence of retaliation sufficient to sustain the Plaintiff's *prima facie* burden. Ms. Rhoades contends that the Bank deviated from its standard practice when it terminated her without following its written progressive discipline policy. *PSAMF* ¶¶ 149-152. Under First Circuit law, a "[d]eviation from established policy or practice may be evidence of

pretext." *Brennan v. GTE Gov't Sys. Corp.*, 150 F.3d 21, 29 (1st Cir. 1998). With the temporal nexus, the Bank's deviation is additional evidence that sustains the Plaintiff's *prima facie* burden. Further, Ms. Rhoades produced some evidence that she was treated differently than other similarly situated employees. *PSAMF* ¶¶ 153-154. Cumulatively, the tight temporal proximity of the assertion of FMLA rights and the employment action, the Bank's deviation from its standard progressive discipline policy, and its disparate treatment of the Plaintiff are more than sufficient to state a *prima facie* claim of unlawful retaliation under the FMLA.

### B.     Absence of Evidence of Masked Discriminatory Intent

The Bank's second objection is that "pretext evidence . . . is sufficient only if the fact finder may infer that the pretext masks discrimination on the forbidden ground." *Bank's Obj.* at 2. It contends that "[n]othing in Rhoades' submission raises a reasonable inference that the strained evidence of pretext she suggests masked discriminatory intent." *Id.* at 3.

In *DeCaire*, the First Circuit recently discussed the burden on the plaintiff following *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). *DeCaire*, 530 F.3d at 19-20. The First Circuit noted it remains "'*permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's [explanation].'" *Id.* at 19 (quoting *Reeves*, 530 U.S. at 147). On the other hand, "'there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory.'" *Id.* at 19-20 (quoting *Reeves*, 530 U.S. at 148). But, *DeCaire* made it clear that it was error to require the plaintiff "to present evidence beyond disproving the [defendant's] arguments as pretext." *Id.* at 20.

4

Here, the Bank's argument is bottomed on the rational inferences a fact finder may or may not draw in deciding the ultimate issue of retaliation. *See Reeves*, 530 U.S. at 147 (noting that an employer's "dissembling to cover up a discriminatory purpose" is an inference drawn by the fact finder, and not a requirement of direct proof). Contrary to the Bank's contention, the record does not establish that no rational fact finder could conclude the Bank's termination of Ms. Rhoades was non-retaliatory.

### C.     Reference to Inapplicable Disciplinary Policy and Disparate Treatment

The Bank's main objection to the Recommended Decision is that the Magistrate Judge improperly relied upon the Bank's failure to follow its standard progressive discipline policy in terminating Ms. Rhoades and upon its disparate treatment of other employees. *Bank's Obj.* at 3-7. The Bank contends that even though it may have failed to follow its progressive discipline policy, it was justified in doing so because prior efforts at counseling had failed. *Id.* at 4. The Bank's argument is a non-starter. It posits contested inferences as unchallenged and assumes the fact finder is compelled to agree with its construction of critical disputed events. The law is otherwise. *Brennan*, 150 F.3d at 29.

Turning to the disparate treatment issue, the Bank highlights the Magistrate Judge's conclusion that Ms. Rhoades had mischaracterized the testimony of Carolyn Crosby, one of the Bank's witnesses. *Bank's Obj.* at 7-9. However, the Bank ignores the Magistrate Judge's observation that, after Ms. Crosby asserted there were other employees with similar performance evaluations who had been terminated, when asked to identify those instances, she refused to do so. *Rec. Dec.* at 17. The Magistrate Judge properly concluded that Ms. Crosby's refusal to respond is some evidence of disparate treatment. *See id.*

At this stage in the proceedings, for both the progressive discipline and disparate treatment issues, the court must view the evidence in the light most favorable to the non-moving party. *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). Neither of the Bank's objections is well-grounded.

## II.   THE PLAINTIFF'S OBJECTIONS

In her objection, the Plaintiff seeks to have the Court revisit some of the Magistrate Judge's "factual findings." *Pl.'s Objections to Certain Findings of Fact in the Magistrate Judge's Rec. Dec.* at 1 (Docket # 37). Here, there is only one count in the Plaintiff's Complaint and the Plaintiff successfully defended the Bank's motion for summary judgment on that count.[3] *See First Am. Compl.* (Docket # 4). This is not an instance where a defendant-movant is awarded judgment on some, but not all the plaintiff's legal theories. *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980); Fed. R. Civ. Pro. 72(b)(2).

Ms. Rhoades seems to fear that the Magistrate Judge's reasoning will have a preclusive effect at the time of trial. This is incorrect. The Magistrate Judge ruled on whether the Bank was entitled to judgment as a matter of law and concluded it was not. By correctly concluding that genuine issues of material fact prevent summary judgment on Rhoades' claim, the Magistrate Judge did not, and indeed could not, "find" any facts. As the First Circuit recently stated, "the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim." *Rigby v. Damant*, 486 F.3d 692, 692 (1st Cir. 2007) (per curiam) (internal quotation marks omitted). The Magistrate Judge's Recommended Decision and this Court's affirmance do nothing to change

---

[3] Like the Magistrate Judge, who deemed waived Plaintiff's claim that the Bank violated the FMLA's prescriptive provisions, *Rec. Dec.* at 9-10 & n.5, the Court consults the Plaintiff's Amended Complaint and agrees she has made only one claim in this case, notwithstanding a sentence in Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Docket # 23) indicating she has made two.

this procedural result. *See Parker v. Robinson*, No. CV-04-214-B-W, 2007 U.S. Dist. LEXIS 90837, at *2-3 (D. Me. Dec. 10, 2007). Whether the evidence at trial is admissible and sufficient depends not on the countervailing statements of material fact filed during a dispositive motion, but on the evidence presented at trial. The Court rejects the Plaintiff's objections to the Magistrate Judge's Recommended Decision as moot.

### III. CONCLUSION

The Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and for the reasons set forth herein, and it determines that no further proceeding is necessary.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 35) is hereby AFFIRMED. It is further ORDERED that the Defendant's Motion for Summary Judgment (Docket # 17) is hereby DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2008